# RECORD IMPOUNDED

## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1498-17T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

C.T.W.,

    Defendant-Appellant,

and

M.H.,

    Defendant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF T.S.W., a Minor.

_____

Submitted October 29, 2018 – Decided November 5, 2018

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FG-11-0010-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Cecilia M.E. Lindenfelser, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas Logothetis, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; Karen A. Lodeserto, Designated Counsel, on the brief).

PER CURIAM

Defendant C.T.W.[1] appeals from the Family Part's November 9, 2017 order in this guardianship case terminating her parental rights to her daughter, T.S.W. We affirm.

Defendant's involvement with the Division of Child Protection and Permanency (the "Division") dates back to her own childhood. She has a long history of substance abuse, homelessness, mental illness, and domestic violence. Defendant's parental rights to her other seven children, all of whom are no longer in her care, have terminated. Tory's biological father, M.H., has not been significantly involved in her life and he did not appeal the trial court's

---

[1] We use initials for the parties and their family members in order to protect the identity of the minor child, who we shall refer to by the fictitious name "Tory." See R. 1:38-3(d)(12).

A-1498-17T4

termination of his own parental rights.

Defendant left Tory at the hospital at her birth in July 2004. They have never lived together for any significant period of time. Following several years of services attempting reunification, Tory was placed in a group home due to her serious special needs. Among other things, Tory has exhibited severe behavioral issues, including sexual aggressiveness, fire-setting, and assaultive conduct. As of the time of the October 2017 guardianship trial, Tory was a candidate for select home adoption. Defendant, meanwhile, continues to struggle with substance abuse, homelessness, mental illness, and domestic violence issues.

At the guardianship trial, the Division's expert testified that defendant, who had been offered an assortment of services including substance abuse treatment, counseling, psychiatric evaluations, psychological evaluations, supervised visits, family team meetings, and transportation, was still not capable of providing safe parenting for Tory. The expert stressed that Tory needed permanency, that Tory's placement in a group home was appropriate, and that given Tory's serious special needs and the mother's own limitations, reunification could pose a danger to both defendant and Tory.

After trial, the court terminated the rights of both parents. Defendant

 A-1498-17T4

appeals, arguing that the judge erred by finding the Division had established, by clear and convincing evidence, the third and fourth prongs of N.J.S.A. 30:4C-15.1(a). In particular, defendant contends as to prong three the court did not sufficiently consider alternatives to termination, and, as to prong four, did not provide a proper analysis of whether termination would cause the child more harm than good. Defendant does not appeal the court's findings on the first and second prongs of the statutory test, see N.J.S.A. 30:4C-15.1(a)(1) and (2), nor does she argue that the Division failed to make reasonable efforts to provide her with services under prong three. The Law Guardian supports the Division in advocating the termination of defendant's parental rights.

When seeking the termination of a parent's rights under N.J.S.A. 30:4C-15.1(a), the Division has the burden of establishing the following statutory criteria:

> (1) The child's safety, health or development has been or will continue to be endangered by the parental relationship;
>
> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause serious and enduring emotional or psychological harm to the child;

(3) The [D]ivision has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and

(4) Termination of parental rights will not do more harm than good.

[N.J.S.A. 30:4C-15.1(a); see also N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591, 604-11 (1986) (reciting the four controlling standards later codified in Title 30).]

These four statutory factors are not "discrete and separate" but instead, "they relate to and overlap with one another to provide a comprehensive standard that identifies a child's best interests." In re Guardianship of K.H.O., 161 N.J. 337, 348 (1999). The Division must prove each of the four factors by clear and convincing evidence. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 554 (2014)(citation omitted).

The scope of review on appeals from orders terminating parental rights is limited. We should uphold the trial court's findings, so long as they are supported by "adequate, substantial, and credible evidence." Id. at 552 (citation omitted). The decision should only be reversed or altered on appeal if the trial court's findings were "so wholly unsupportable as to result in a denial of justice." N.J. Div. of Youth & Family Servs. v. P.P., 180 N.J. 494, 511 (2004) (quoting

In re Guardianship of J.N.H., 172 N.J. 440, 472 (2002)). Likewise, the appellate court must give considerable deference to the family court judge's expertise and opportunity to have observed the witnesses firsthand and evaluate their credibility. R.G., 217 N.J. at 552-53.

Applying this deferential standard of review to the trial court's decision in this case, in light of the factual record and the governing law, we affirm the final judgment, substantially for the reasons expressed in Judge Audrey Peyton Blackburn's November 9, 2017 oral opinion. We add only a few comments.

As to prong three of the statute, it is manifest that, as she concedes, defendant was offered abundant services by the Division. Possible alternative caretakers of Tory were reasonably ruled out by the Division, particularly in light of her special needs. A kinship legal guardianship ("KLG") arrangement failed.

Defendant argues that Tory should be placed in a long-term group home. However, the Division and the trial court reasonably concluded that it was preferable to terminate defendant's parental rights and allow Tory to be eligible for adoption by a resource parent who might offer her permanency in a home with appropriate support system.

We likewise reject defendant's assertion that the evidence at trial was

insufficient under prong four, the "best interests" test. The unrefuted expert proof shows that defendant has developed no meaningful relationship with Tory, and that defendant is incapable of addressing Tory's needs as a child, let alone her special needs.

We also reject, as without merit, defendant's claim that the trial court exhibited a bias against defendant because she is mentally ill. The evidence in the record objectively shows that termination would not cause this child more harm than good. Moreover, defendant failed to appear for the scheduled bonding evaluation and, at one point, walked out of the trial before it concluded, after proclaiming that "[w]hatever they want to do with [Tory], they could do."

The inescapable truth is that defendant has had fourteen years to become a capable parent to this child with special needs. She simply cannot realistically fulfill that role despite the provision of many services.

All of defendant's other contentions lack sufficient evidence to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1498-17T4